```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                    Case No. 2:95-cr-47-FTM-99

CONNY BOWLER

_____

### OPINION AND ORDER

This matter is before the Court on defendant's Motion Requiring a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) New Crack Cocaine "Base" Sentencing and 706 Amendment Retroactivity (Doc. #47), filed on October 10, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels. Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 706, the motion will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

At defendant's original sentencing, the Court determined that defendant's Base Offense Level was 30 and his Total Offense Level was 29; because defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, his Total Offense Level was 34. The Court granted a three level adjustment because of acceptance of responsibility, resulting in an Enhanced Offense Level of 31. Defendant's Criminal History Category was VI, and the resulting Sentencing Guidelines range was 188 to 235 months imprisonment. Defendant was sentenced to 188 months imprisonment. Since defendant was sentenced as a career offender, he is not eligible for a reduction pursuant Amendment 706. United States v. Moore, 541 F.3d 1323 (11th Cir. 2008). There is no other basis for a sentence reduction.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion Requiring a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) New Crack Cocaine "Base" Sentencing and 706 Amendment Retroactivity (Doc. #47) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of October, 2008.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Conny Bowler
U.S. Probation
U.S. Marshal